<p style="color:red; text-align:center">CORRECTED</p>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-217V
UNPUBLISHED

| | |
|---|---|
| JUDY H. BRINTLE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 29, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On February 7, 2019, Judy H. Brintle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") resulting from an influenza vaccine administered on September 24, 2017. Petition at 1. Petitioner further alleges that the vaccine was administered in the United States; that neither Petitioner, nor any other party, has ever filed an action or received compensation for Petitioner's vaccine-related injury; and that Petitioner suffered the sequalae of her injury for more than six months. Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 26, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On April 27, 2021, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded a lump sum of $278,397.43 (the award is comprised of $102,022.43 for life care expenses expected to be incurred during the first year after judgment, $175,000.00 for actual pain and suffering, and $1,375.00 for past unreimbursed expenses. Proffer at 3. Petitioner should also be awarded $179.402.32 to satisfy a North Carolina Division of Health Benefits Medicaid lien and an amount sufficient to purchase an annuity contract described in section II.C of the Proffer. Proffer at 2-5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award**

**(1) Petitioner a lump sum payment of $278,397.43 (representing $102,022.43 for compensation for life care expenses expected to be incurred during the first year after judgment, $175,000.00 for pain and suffering, and $1,375.00 for past unreimbursable expenses) in the form of a check payable to petitioner, Judy H. Brintle;** and

**(2) A lump sum payment of $179,402.32, representing compensation for satisfaction of a North Carolina Division of Health Benefits Medicaid lien, payable jointly to petitioner[3] and North Carolina Division of Health Benefits, and mailed to**:

> Office of the Controller
> 2022 Mail Service Center
> Raleigh, NC 27699-2022
> Case Number: 298721

**(3) An amount sufficient to purchase an annuity contract described in Section II.C of the Proffer.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<div style="text-align:right">

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

</div>

---

[3] Petitioner agrees to endorse this payment to North Carolina Division of Health Benefits.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

<div style="text-align:center">CORRECTED</div>

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JUDY H. BRINTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-217V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 7, 2019, Judy H. Brintle ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré Syndrome ("GBS") resulting from an influenza ("flu") vaccination she received on September 24, 2017. Petition at 1. On April 23, 2021, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner suffered the Table injury of GBS following a flu vaccine within the Table time period and is entitled to compensation. ECF No. 40. Accordingly, on April 26, 2021, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for GBS following the influenza vaccine she received on September 24, 2017. ECF No. 41.

I.      **Items of Compensation**

    A.      Life Care Items

Respondent engaged life care planner Linda Curtis, RN MS, CNLCP, CCM, and petitioner engaged Cynthia L. Wilhelm, Ph.D., Certified Life Care Planner, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer,

the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Judy H. Brintle, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $175,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    C.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,375.00. Petitioner agrees.

    D.    <u>Medicaid Lien</u>

Respondent proffers that Judy H. Brintle should be awarded funds to satisfy a North Carolina Division of Health Benefits Medicaid lien in the amount of $179,402.32, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the North Carolina Division of Health Benefits may have against any individual as a result of any Medicaid payments the North Carolina Division of Health Benefits has made to or on behalf of Judy H. Brintle from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about September 24, 2017, under Title XIX of the Social Security Act.

II.     **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

A.  A lump sum payment of $278,397.43, representing compensation for life care expenses expected to be incurred during the first year after judgment ($102,022.43), pain and suffering ($175,000.00), and past unreimbursable expenses ($1,375.00) in the form of a check payable to petitioner, Judy H. Brintle.

B.  A lump sum payment of $179,402.32, representing compensation for satisfaction of a North Carolina Division of Health Benefits Medicaid lien, payable jointly to petitioner and North Carolina Division of Health Benefits, and mailed to:

> Office of the Controller
> 2022 Mail Service Center
> Raleigh, NC 27699-2022
> Case Number: 298721

Petitioner agrees to endorse this check to the North Carolina Division of Health Benefits.

C.  An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Judy H. Brintle, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

  1.  Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of

---

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

  b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

  c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

  d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Judy H. Brintle, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Judy H. Brintle's death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III. Summary of Recommended Payments Following Judgment**

    A. Lump Sum paid to petitioner, Judy H. Brintle: **$278,397.43**

    B. Medicaid lien: **$179,402.32**

    C. An amount sufficient to purchase the annuity contract described above in section II.C.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

              s/*Christine M. Becer*
              CHRISTINE M. BECER
              Trial Attorney
              Torts Branch, Civil Division
              U.S. Department of Justice
              P.O. Box 146
              Benjamin Franklin Station
              Washington, D.C. 20044-0146
              Tel: (202) 616-3665
              Christine.m.becer@usdoj.gov

Dated: April 27, 2021

Appendix A:  Items of Compensation for Judy H. Brintle        Page 1 of 1

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 2021 | Compensation Year 2 2022 | Compensation Years 3-Life 2023-Life |
|---|---|---|---|---|---|---|
| Medicare Part B Deductible | 5% | | | 203.00 | 203.00 | 203.00 |
| Medigap | 5% | | M | 1,948.56 | 1,948.56 | 1,948.56 |
| Medicare Part D | 5% | | M | 864.40 | 864.40 | 864.40 |
| Physiatrist | 5% | * | | | | |
| Neurologist | 5% | * | | | | |
| Urologist | 5% | * | | | | |
| Physical Therapy Evaluation | 4% | * | | | | |
| Occupational Therapy Evaluation | 4% | * | | | | |
| Psychological Evaluation | 4% | * | | | | |
| X-rays | 5% | * | | | | |
| EMG | 5% | * | | | | |
| CT/MRI Spine | 5% | * | | | | |
| Urodynamic Studies/Labs | 5% | * | | | | |
| Individual Counseling | 4% | * | | | | |
| Physical Therapy | 4% | * | | | | |
| Occupational Therapy | 4% | * | | | | |
| Case Manager | 4% | | M | 2,400.00 | 2,400.00 | 2,400.00 |
| Facility Care (Semi-Private Rate) | 4% | | M | 91,797.50 | 91,797.50 | 91,797.50 |
| Manual Wheelchair | 4% | | | 425.00 | 85.00 | 85.00 |
| Wheelchair Cushion | 4% | | | 69.50 | 34.75 | 34.75 |
| Manual Wheelchair Maintenance | 4% | | | 42.50 | 42.50 | 42.50 |
| Power Wheelchair | 4% | * | | | | |
| Power Wheelchair Battery | 4% | * | | | | |
| Power Wheelchair Maintenance | 4% | * | | | | |
| Lift Chair | 4% | | | 720.00 | 72.00 | 72.00 |
| Adaptive Aids | 4% | | | 200.00 | 100.00 | 20.00 |
| Raised Toilet Seat | 4% | | | 109.95 | 18.33 | 18.33 |
| Hand Held Shower | 4% | | | 35.62 | 5.94 | 5.94 |
| Walker | 4% | | | 133.67 | 26.73 | 26.73 |
| Air Mattress | 4% | | | 2,309.50 | 230.95 | 230.95 |
| Acetaminophen | 4% | | | 31.47 | 31.47 | 31.47 |
| Venlafaxine | 4% | * | | | | |
| Tramadol | 4% | * | | | | |
| Vitamin B12, D, Folic Acid | 4% | | | 407.88 | 407.88 | 407.88 |
| Wipes | 4% | | | 323.88 | 323.88 | 323.88 |
| Pain and Suffering | | | | 175,000.00 | | |
| Past Unreimbursable Expenses | | | | 1,375.00 | | |
| Medicaid Lien | | | | 179,402.32 | | |
| Annual Totals | | | | 457,799.75 | 98,592.89 | 98,512.89 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($102,022.43), pain and suffering ($175,000.00), and past unreimbursable expenses ($1,375.00): $278,397.43.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and the North Carolina Division of Health Benefits, as reimbursement of the state's Medicaid lien: $179,402.32.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.